UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| HILJA KEADING/KEADING FAMILY TRUST, | Case No. 23-cv-03036-LB |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. | Re: ECF No. 1 |
| KENTON KEADING, | |
| Defendant. | |

Kenton Keading removed this family-trust dispute from the Contra Costa County Superior

Court's Probate Division to this court.[1] He asserts federal-question jurisdiction under 28 U.S.C.

§ 1331. Specifically, he contends that the state court — which already issued a judgment —

violated his federal constitutional rights over the course of the case and lacked subject-matter and

personal jurisdiction.[2] A second purported defendant, Earth Island Institute, Inc., joined in the

removal.[3]

---

[1] Notice of Removal – ECF No. 1 at 1–5. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 2.

[3] Majumdar Decl. – ECF No. 1-1. Earth Island's CEO declares that Earth Island has joined as a defendant in the case. *Id.* at 2 (¶ 3). But aside from the declaration — which isn't in a format that supports the representation — the court sees no indication of that joinder. Also, in a previous state appellate decision that was issued after the judgment in this case, the court rejected Earth Island's involvement because it was "never presented in an appropriate and timely motion to the trial court

United States District Court
Northern District of California

In the state case, the petitioner Hilja Keading filed an ex parte petition in March 2016 to remove Mr. Keading from the Keading Family Trust and sought liability for state-law claims such as elder abuse, fraud, and intentional interference with expected inheritance.[4] According to the notice of removal, "[t]he complaint alleged wrongful taking of property pursuant to [California] Probate Code Section 850 and liability for taking such property in bad faith pursuant to [California] Probate Code Section 859."[5] It is a probate-court matter "arising from the trust of Lewis and Lucille Keading." The state court appointed a professional fiduciary "as successor trustee," and the successor trustee joined in Ms. Keading's petition to the extent it sought to return property to the trust. The state court also ordered that the successor trustee was entitled to immediate possession of the elder Keadings' residence, among other non-monetary relief concerning trust assets.[6] Eventually, Mr. Keading was found liable for elder abuse.[7]

Because the defendant has not shown that the court has subject-matter jurisdiction, the court orders him to show cause why the case should not be remanded to the Contra Costa County Superior Court. The court also sets a briefing schedule on the issue below.

## 1. Legal Standard

Subject to certain requirements and limitations, a defendant generally may remove a case from state court to federal court where the case presents either diversity or federal-question jurisdiction. 28 U.S.C. § 1441(a)–(c). A petition filed in probate court may be removed to federal court, provided there is federal jurisdiction. *In re Kendricks*, 572 F. Supp. 2d 1194, 1196–97 (C.D. Cal. 2008) (collecting cases).

---

below." *Keading v. Keading*, No. A153628, 2023 WL 3138540, at *6–7 (Cal. Ct. App. Apr. 28, 2023) (unpublished), *review filed* (June 7, 2023).

[4] Ex Parte Pet. – ECF No. 1 at 46–63; Obj. & Resp. – ECF No. 1 at 96–114; *In re Keading Family Trust*, No. MSP16-00402 (Super. Ct. Contra Costa Cnty., Prob. Div., filed Mar. 16, 2016). The court can judicially notice public-record documents. *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001).

[5] Notice of Removal – ECF No. 1 at 1–2.

[6] Statement of Decision – ECF No. 1 at 24–38.

[7] Notice of Removal – ECF No. 1 at 2.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    A federal court has an independent duty to ascertain its jurisdiction and may remand a case sua

2    sponte for lack of subject-matter jurisdiction. 28 U.S.C. § 1447(c); *Gaus v. Miles, Inc.*, 980 F.2d

3    564, 566 (9th Cir. 1992). The burden is on the removing defendant to establish the basis for the

4    federal court's jurisdiction. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3

5    (9th Cir. 1990). And because district courts are courts of limited jurisdiction, courts construe the

6    removal statute strictly and reject federal jurisdiction if there is any doubt as to the right of

7    removal. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

8    For diversity jurisdiction, the opposing parties must be citizens of different states, and the

9    amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The Supreme Court has

10   interpreted § 1332(a) to require "complete diversity of citizenship" — that is, each plaintiff must

11   be a citizen of a different state than each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68

12   (1996). And in the case of removal, diversity must be "determined as of the time the complaint

13   [was] filed and [as of] the time of removal." *Harris v. United Parcel Serv., Inc.*, No. C-08-0315

14   MMC, 2008 WL 506141, at *1 (N.D. Cal. Feb. 22, 2008).

15   "The amount in controversy includes claims for general and special damages (excluding costs

16   and interest), attorney[']s fees if recoverable by statute or contract, and punitive damages if

17   recoverable as a matter of law." *J. Marymount, Inc. v. Bayer Healthcare, LLC*, No. C 09-03110

18   JSW, 2009 WL 4510126, at *2 (N.D. Cal. Nov. 30, 2009). Where "it is unclear or ambiguous from

19   the face of a state-court complaint whether the requisite amount in controversy is pled, the

20   removing defendant bears the burden of establishing, by a preponderance of the evidence, that the

21   amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.*,

22   726 F.3d 1118, 1121–22 (9th Cir. 2013) (cleaned up).

23   For diversity purposes, an individual is a citizen of the state where he is "domiciled," which is

24   the location where he has established a "fixed habitation or abode" with "an intention to remain

25   there permanently or indefinitely." *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940). A

26   change in domicile requires the confluence of (1) physical presence at the new location with (2) an

27   intention to remain there indefinitely. *See id.*

28

1   A corporation is "a citizen of every state and foreign state by which it has been incorporated

2   and of the State or foreign state where it has its principal place of business." 28 U.S.C. §

3   1332(c)(1). Its "principal place of business" is its "nerve center":

> [A] "principal place of business" is best read as referring to the place where a
> corporation's officers direct, control, and coordinate the corporation's activities. It is
> the place that Courts of Appeals have called the corporation's "nerve center." And
> in practice it should normally be the place where the corporation maintains its
> headquarters — provided that the headquarters is the actual center of direction,
> control, and coordination, *i.e.*, the "nerve center," and not simply an office where the
> corporation holds its board meetings (for example, attended by directors and officers
> who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010); *see also Harris v. Rand*, 682 F.3d 846, 851 (9th

Cir. 2012). A corporation's nerve center is its only principal place of business: "[f]or example, if

the bulk of a company's business activities visible to the public take place in New Jersey, while its

top officers direct those activities just across the river in New York, the 'principal place of

business' is New York." *Hertz*, 559 U.S. at 96 (the nerve center test provides a necessary "clearer

rule").

   There is federal-question jurisdiction if the case "aris[es] under the Constitution, laws, or

treaties of the United States." 28 U.S.C. § 1331. The "well-pleaded complaint" rule requires a

federal question to be presented on the face of the plaintiff's complaint at the time of removal for

federal-question jurisdiction to exist. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Thus,

"[a] case may not be removed to federal court on the basis of a federal defense." *See, e.g.*, *ARCO

Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1113 (9th

Cir. 2000); *see also Saldana*, 27 F.4th at 688 ("[A] federal defense is not a sufficient basis to find

embedded federal question jurisdiction."). Nor can a case be removed because the defendant

asserts a federal counterclaim. *See, e.g.*, *Barrie v. Fiorentino*, No. 20-CV-07347-LHK, 2020 WL

8513084, at *2 (N.D. Cal. Dec. 7, 2020).

   "The probate exception to federal jurisdiction reserves probate matters to state probate courts

and precludes federal courts from disposing of property in the custody of a state court." *Goncalves

Goncalves ex rel. Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1251 (9th Cir.

2017). The exception applies only if "a federal court is endeavoring to (1) probate or annul a will,

United States District Court
Northern District of California

(2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court." *Id.* at 1252. In the case of trust litigation, at least some courts have held that the probate exception applies to trusts that are substitutes for wills. *Deutsch v. Klein*, No. CV 23-2316 PA (MAAX), 2023 WL 3075880, at *1–2 (C.D. Cal. Apr. 25, 2023) (collecting cases).

Another issue, given that the state court already entered judgment, is the application of the *Rooker-Feldman* doctrine. Under 28 U.S.C. § 1257, only the United States Supreme Court has appellate jurisdiction over state-court judgments. *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam). Thus, under the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction to hear direct or de facto appeals from state-court judgments. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 482 (1923); *Fowler v. Guerin*, 899 F.3d 1112, 1119 (9th Cir. 2018); *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). The doctrine is narrow and confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005).

## 2.  Application

Here, there is no federal-question jurisdiction because no federal question is presented on the face of the state-court petition. As for diversity jurisdiction, it is unclear from the filings whether any of the requirements are met. And even if they are met, the probate exception and/or the *Rooker-Feldman* doctrine may apply.

Regarding the probate exception, the court sets out some preliminary research. At issue in the state case are the assets and administration of a living trust, and the defendant now challenges the probate judge's conduct of the state case.[8] But under California law, a living trust is "simply a probate avoidance device." *Zanelli v. McGrath*, 166 Cal. App. 4th 615, 633 (2008). Thus, the trust

---

[8] Joint Am. of Joint Living Trust – ECF No. 1 at 120; Notice of Removal – ECF No. 1 at 1–5.

litigation may be the functional equivalent of what *Goncalves* instructs federal courts not to assume jurisdiction over. *Goncalves*, 865 F.3d at 1252; *Jones v. Brennan*, 465 F.3d 304, 307 (7th Cir. 2006) (case about "the maladministration of [the] father's estate by the Cook County probate court" was "tantamount to asking the federal district court to take over the administration of the estate").

Regarding the *Rooker-Feldman* doctrine, the court also notes that because *Exxon* referred to "cases brought by state-court losers," there is some uncertainty about whether the doctrine can apply in the removal context. *Olson v. Lui*, No. CIV. 11-00396 ACK, 2011 WL 5330445, at *4–6 (D. Haw. Nov. 4, 2011) (collecting cases). One approach is for the court to remand because of the requirement that removed cases be remanded where there is any doubt about federal jurisdiction. *Id.* at *6 (adopting this approach).

The court thus orders the defendant to show cause why the case should not be remanded for lack of subject-matter jurisdiction. The court sets the following briefing schedule: the defendant's opening brief is due July 12, the plaintiff's response is due July 19, and the defendant may file an optional reply by July 24. The court converts the existing hearing on August 10 to a show-cause hearing rather than a hearing on the pending motion to vacate the state court's judgment.

**IT IS SO ORDERED.**

Dated: July 6, 2023

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California