Anthony A. Ferrigno, Esq. (SBN: 61104)
3445 Golden Gate Way
Lafayette, CA 94549
(423) 744-4041
a-trust-fraudlaw@msn.com
Attorney for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HILJA KEADING/KEADING FAMILY TRUST,<br><br>             Plaintiff,<br><br>vs.<br><br>KENTON KEADING,<br><br>             Defendant | Case No.: 3:23-cv-03036-LB<br><br><br><br><br><br>DEFENDANT(S)' RESPONSE TO ORDER TO SHOW CAUSE |

**INTRODUCTION**

This case originated in the California State Superior Court, County of Contra Costa, as an ex-parte petition to the probate court, claiming that Defendant, Kenton Keading, had wrongfully taken Keading Family Trust ("Trust") property and that Plaintiff sought relief pursuant to California **Probate Code Section 850** [1] for the return of property and also sought an additional damages award pursuant to **P.C. Section 859**, when such taking of property is accompanied by

---

[1] Hereinafter the California Probate Code Sections will be referenced as follows "P.C. Section".
DEFENDANT(S)' RESPONSE TO ORDER TO SHOW CAUSE - 1

"bad faith" (Dkt#1 Notice of Removal, at Exhibit E of A).  A trial ensued pursuant to **P.C. Section 859**, finding that Defendant had wrongfully taken property through undue influence amounting to financial elder abuse and despite no finding of bad faith, the trial court nonetheless imposed a "double damages" award in excess of 1.5 million dollars, payable to the Trust (Dkt#1 Notice of Removal at Exhibit A of A).  Defendant filed a Motion to Vacate Judgement After Trial pursuant to California **Code of Civil Procedure (CCP) Section 473(d)** on March 28, 2023 (Dkt#1, Notice of Removal at Exhibit A).  Defendant opposed that motion on June 8, 2023.  Earth Island Institute (EII) joined in Defendant's Motion to Vacate Judgment After Trial on June 20, 2023 (Dkt#1 at Exhibit A; Dkt#17 Notice of Inadvertently Omitted Exhibits from Exh.A to Notice of Removal attaching EII Notice of and Joinder in Def. Keading's Motion to Vacate Judgment), claiming that EII is the owner of that real property commonly described as 21 Laurel Lane, El Sobrante, California, which property Defendants claim the trial court wrongfully ordered the trustee of the Trust to take possession of that property.  EII then consented to the removal of this case on June 19, 2023 (Dkt#1 Attachment to Notice of Removal) - Notice of Removal was filed with this Court on June 21, 2023 (Dkt#1).  Magistrate Judge, Laurel Beeler, issued an Order To Show Cause (OSC) on July 6, 2023 (Dkt#12), which is the subject of this brief.

## LEGAL ARGUMENT

### I. Summary Of Legal Issues

This court has set forth a number of jurisdictional concerns, as set forth in its OSC, summarized as follows:

1) there is "no federal-question jurisdiction because no federal question is presented on the face of the state-court petition." (Dkt# 12, p. 5);

DEFENDANT(S)' RESPONSE TO ORDER TO SHOW CAUSE - 2

2) the "probate exception to federal jurisdiction reserves probate matters to state probate courts and precludes federal courts from disposing of property in the custody of a state court." (Dkt#12, p. 4); and

3) "the application of the Rooker-Feldman doctrine. Under **28 U.S.C. § 1257**, only the United States Supreme Court has appellate jurisdiction over state-court judgments." (Dkt#12, p.5).

**II. A Case May Be Removed Even When There Is No Federal Question Stated On The Face Of The Original Complaint**

Pursuant to **28 U.S.C §1446 (b)(3)**, Defendant may remove a case even when the initial pleading is not removable,

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. (**28 U.S.C. § 1446 (b)(3)**)).

Defendant received from Plaintiff an Opposition To Motion To Vacate on June 8, 2023, which constituted a paper from which it may be ascertained that the case is removable *(Roth v. CHA Hollywood Medical Center*, 720 F.3d 1121 (2013)).

**III. The Probate Exception Does Not Apply**

The court in *Goncalves* holds that "while the probate exception to federal jurisdiction reserves probate matters to state probate courts and precludes federal courts from disposing of property in the custody of a state court, Marshall v. Marshall, 547 U.S. 293, 311, 126 S.Ct. 1735, 164 L.Ed. 2d 480 (2006) it does not bar "federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* at 311-12, 126 S.Ct. 1735. Federal courts have jurisdiction to entertain suits to determine the "rights of creditors, legatees, heirs, and other claimants against a decedent's estate, `so long as the federal court does not *interfere with the*

DEFENDANT(S)' RESPONSE TO ORDER TO SHOW CAUSE - 3

*probate proceedings.*'" *Id.* at 311, 126 S. Ct. 1735." *Goncalves* concludes,

> several courts of appeals have come to a simple conclusion, with which we agree, about the scope of the probate exception: 'It is clear after *Marshall* that unless a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court, the probate exception does not apply.' [Citations]. Following *Marshall* we must now hold that so long as a plaintiff is not seeking to have the federal court administer a probate matter or exercise control over a res in the custody of a state court, if jurisdiction otherwise lies, then the federal court may, indeed must, exercise it. (*Goncalves v. Rady Childrens Hospital San Diego*, 865 F.3d 1237 (2017)) (emphasis added).

In the instant case, Defendant's federal claims of Constitutional violations of Due Process, resulted in excess of jurisdiction, lack of subject matter and personal jurisdiction.  Most notably EII was never given notice of a hearing which affected their property rights as required by both statute (**P.C. § 851**) and Due Process, resulting in what Defendants contend constituted an egregious deprivation of Defendants' constitutional rights by order of the probate court for the trustee to take possession of property belonging to EII, a 'stranger to the action' and over which. property it had no subject matter jurisdiction. That order also used the value of EII's property to include in the computation against Defendant Keading in computing the "double the value of property found wrongfully taken" punitive measure of damages under **P.C. 859** assessed Keading and awarded Plaintiffs. As an injured, third party "stranger to the action" filed by Plaintiffs, EII has joined Defendant, Kenton Keading, in seeking to have the probate court's judgment declared void. (Dkt#1 at Exhibit A; Dkt#17 Notice of Inadvertently Omitted Exhibits from Exh.A to Notice of Removal attaching EII Notice of and Joinder in Def. Keading's Motion to Vacate Judgment), Probate court had no subject matter jurisdiction over property, in no way connected to the Trust, and in violating procedural Due Process violated the mandatory

DEFENDANT(S)' RESPONSE TO ORDER TO SHOW CAUSE - 4

prerequisite hearing as to adjudication of property ownership pursuant to P.C. § 850[2].

Thus, Defendant, Kenton Keading had imposed upon him a statutory penalty "pursuant" to P.C. Code § 859 computed on value of property over which the Court had no subject matter Jurisdiction, while skipping the step – first under P.C. § 850 determining if the property allegedly taken by Defendant was property of the trust or the elder - that the Probate Code §§850-859 statutory scheme required (Dkt#7 Keading Reply Brief at p.9 citing *Estate of Ashlock* 45 Cal.App.5th, 1066 at 1073) before any determination of liability or damages can be made in any **P.C. § 859** proceeding, thus Defendants contend depriving Defendants of Procedural Due Process as well.

This court is not being asked to probate or annul a will, administer a decedent's estate, nor assume in rem jurisdiction over property that is in the custody of probate court, so the probate exception does not apply. Here, Defendant(s) are asking this court to examine federal issues as cited above, in order to vacate a judgment as being void where that motion to do so was before the State Superior Court, and now requested to be removed to this court. Federal Courts may give relief pursuant to Federal Rules of Civil Procedure, **F.R.C.P Rule 60**, where there exist grounds for relief from a final judgment making it void, **F.R.C.P., Rule 60 (b)(4)**.

**IV.  The Rooker-Feldman Doctrine Does Not Require Remand Of This Case**

In a detailed review and discussion of the Rooker-Feldman doctrine, the U.S. Supreme Court in *Exxon Mobil Corporation*, holds "*Rooker-Feldman* bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States

---

[2] While Plaintiffs' Petition pled P.C.
DEFENDANT(S)' RESPONSE TO ORDER TO SHOW CAUSE - 5

district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights," but the doctrine has no application to a federal suit brought by a ***non-party*** to the state suit, citing cases (Exxon Mobil Corporation v. Saudi Basic Industries Corp., 544 U.S. 280, at 287-288 (2005).

Here, EII has joined Defendant to remove a civil action to federal court where EII was a non-party to the state suit when proceedings were conducted as to its property at 21 Laurel Lane in El Sobrante, CA and Defendant Keading was assessed a double penalty counting the value of the EII property as part of the double penalty assessed against him. As a non-party, EII can not be considered a losing party in the state court's trial judgment and the Rooker-Feldman doctrine does not apply. It was not a "losing party" in a trial Court proceeding now looking for the District Court to, in effect, exercise Appellate jurisdiction. Here also, however, the Due process violations regarding EII are intertwined with the damages assessed against Defendant Keading in penalties under the judgment sought to be vacated.  There are obvious issues implicating constitutional subject matter jurisdiction, namely 21 Laurel Lane, a property over which the Court lacked jurisdiction. The probate court had no jurisdiction either over EII or it's property, and should not have considered it in determining any liability of Defendant for the purported wrongful taking of it.

## CONCLUSION

For the foregoing reasons, this court should not remand this case to the California State Superior Court. Acknowledging, however, this court's concern not to interfere with probate proceedings, in its discretion it certainly could make a partial remand leaving to the state Probate Court actions re: Trust internal affairs and administration while this Court continues the Federal

///

DEFENDANT(S)' RESPONSE TO ORDER TO SHOW CAUSE - 6

questions for which the action was removed - the Motion To Vacate Judgment After Trial.

Dated: July 12, 2023          Respectfully submitted,

/s/Anthony A. Ferrigno

Attorney for Defendants Kenton Keading and Joined Defendant EII

Anthony A. Ferrigno, Esq. CA SB#61104)
**LAW OFFICES OF ANTHONY A. FERRIGNO**
3445 Golden Gate Way
Lafayette, CA  94549
Telephone: (423) 744-4041
a-trust-fraudlaw@msn.com

Attorney for Defendants

DEFENDANT(S)' RESPONSE TO ORDER TO SHOW CAUSE - 7

**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2023, the foregoing "Defendant's Response to OSC" was filed via this Court's electronic filing system and that copies of same were served upon all parties via e-service.

/s/Anthony A. Ferrigno

Attorney for Defendants

Anthony A. Ferrigno, Esq. CA SB#61104)
**LAW OFFICES OF ANTHONY A. FERRIGNO**
3445 Golden Gate Way
Lafayette, CA  94549
Telephone: (423) 744-4041
a-trust-fraudlaw@msn.com