HARTOG, BAER, ZABRONSKY & VERRIERE
A Professional Corporation
David W. Baer, SBN: 99262
Kevin P. O'Brien, SBN: 215148
4 Orinda Way, Suite 200-D
Orinda, CA 94563
Tel No.: (925) 253-1717
Fax No.: (925) 253-0334
Email: *dbaer@hbzvlaw.com*
       *kobrien@hbzvlaw.com*
Attorneys for Plaintiff
*Hilja Keading*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILJA KEADING/KEADING FAMILY TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> KENTON KEADING, <br><br> Defendant. | CASE NO. 3:23-CV-03036 <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT'S OPENING BRIEF RE ORDER TO SHOW CAUSE** |

## I.    INTRODUCTION

Defendant Kenton Keading (*Defendant* or *Kenton*) filed a procedurally improper and substantively defective Notice of Removal in an attempt to drive up Plaintiff Hilja Keading's (*Plaintiff* or *Hilja*) litigation costs and relitigate his meritless "Due Process" and "Equal Protection" challenges to the state court elder financial abuse judgment that Plaintiff obtained against him in 2017. *See Keading v. Keading*, 60 Cal.App.5th 1115 (2021). Kenton already raised and lost the same "Constitutional" arguments on appeal, and his untimely Notice of Removal is just another in a long line of bad faith, strategic filings intended to frustrate Hilja's efforts to enforce her judgment and bring this litigation to a close.

This Court should remand this case to state court for the following reasons:

- This Court lacks subject matter jurisdiction over Hilja's state law claims, and Kenton cannot manufacture removal jurisdiction by filing a post-judgment motion asserting federal defenses to liability;
- Even if Kenton's motion to vacate somehow constitutes a distinct "civil action" for purposes of removal, Kenton, as the de facto plaintiff in such action, has no right to remove after choosing to file in state court;
- Kenton's notice of removal is untimely regardless of whether Hilja's state law petition or Kenton's post-judgment motion to vacate constitute the "civil action" he is attempting to remove; and
- Kenton's notice of removal is barred by the *Rooker-Feldman* doctrine because he is inviting this Court to hear a direct appeal of a final state court judgment.

This court can and should also order Defendant's counsel to pay Plaintiff for the attorneys' fees she incurred responding to Kenton's baseless and objectively unreasonable notice of removal. 28 USC 1447(c) ("An order remanding the case may require payment of just costs and any actual expense, including attorney fees, incurred as a result of the removal.")

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Hilja's State Law Claims Against Kenton

Hilja and Kenton are the beneficiaries of a trust established by their late parents Lewis Keading (*Lewis*) and Lucille Keading (*Lucille*). *Keading v. Keading*, 60 Cal.App.5th 1115, 1119 (2021).[1] For reasons not relevant here, in or around October 2015, Lewis amended the trust so that Hilja received a larger share of the trust's assets upon Lewis's death. *Id.* at 1120. In or around December 2015, Kenton convinced Lewis to grant him a durable power of attorney and, using that authority,

---

[1] A copy of *Keading v. Keading,* 60 Cal.App.5th 1115 (20201) is attached as Exhibit D to the Declaration of Kevin P. O'Brien ISO Plaintiff's Response, etc. (*O'Brien Decl.*) filed herewith.

380975*2497-003                                    2

**PLAINTIFF'S RESP. TO DEFENDANT'S OPENING BRIEF RE ORDER TO SHOW CAUSE**

executed a grant deed purporting to transfer Lewis's residence from the trust to Kenton. *Id.* at 1121.

On March 16, 2016, after discovering the December 2015 grant deed, Hilja filed an ex parte petition to suspend and remove Kenton as trustee of the trust, appoint a successor trustee, and confirm trust ownership of Lewis's residence. *Id*. Through this petition, which became the operative pleading, Hilja sought to set aside the December 2015 grant deed, recover any assets Kenton attempted to transfer from the trust to himself, and hold Kenton liable for damages resulting from elder abuse, fraud, conversion, and intentional interference with an expected inheritance. *Id*; *see also* O'Brien Decl., Ex. A (Hilja's ex parte petition w/out exhibits).

The same day, the trial court suspended Kenton as trustee and appointed a professional fiduciary to serve as interim trustee. *Keading,* 60 Cal.App.5th at 1122. The court also declared the December 2015 grant deed invalid and ordered Kenton to account for his actions as attorney in fact and as trustee of the family trust. *Id*.

In May 2016, Kenton filed an answer to Hilja's petition setting forth multiple objections, including one to the trial court's order invalidating the December 2015 grant deed without due process. *Id.* at 1123; *see also* O'Brien Decl., Ex. B (Kenton's objections and response to Hilja's ex parte petition w/out exhibits). Following a hearing, the court vacated and set aside its March 2016 order as void, other than the appointment of the professional fiduciary as trustee, to which the parties had stipulated. *Keading,* 60 Cal.App.5th at 1123. With the pleadings settled, the parties engaged in months of discovery and motion practice. *Id.*

Months later and by stipulation of the parties, the trial court resolved the discrete issue of whether the December 2015 grant deed was valid. *Id*. The court found the transfer invalid, set aside the grant deed, and vested title to the property with the trustee as an asset of the family trust. *Id*. The court deferred the unresolved issues for trial, including the issue of whether Kenton's execution of the grant deed constituted elder financial abuse. *Id*.

### B. Trial and Judgment

In late June and early July 2017, there was a four day bench trial on the remaining issues in Hilda's elder abuse action against Kenton. *Id.* at 1124. The trial court heard testimony from various witness and admitted dozens of documents into evidence. *Id.* After trial, the trial court issued a statement of decision, in which it concluded Kenton was liable for elder abuse and found Kenton exerted substantial undue influence over Lewis. *Id.* The court determined that the power of attorney, the grant deed transferring property out of the trust, and other transfers out of the trust all "resulted from elder abuse." *Id.* The trial court's amended judgment, entered on September 19, 2017, incorporated the statement of decision and ordered Kenton to pay damages in the amount of $1,548,830. *Id.* The court also directed that Kenton immediately vacate the trust's property and declared that the court appointed professional fiduciary was entitled to immediate possession. *Id; see also* O'Brien Decl., Ex. C (trial court's September 19, 2017 Amended Judgment)

### C. Kenton's First Appeal

Kenton appealed the September 19, 2017 judgment. Kenton argued that the court's judgment was not supported by substantial evidence, that the trial court erroneously construed California Probate Code section 859's double damages penalty, that the trial court erred in determining the penalty amount, and that section 859 is "unconstitutionally vague" and violative of "equal protection." *Keading,* 60 Cal.App.5th at 1125-1130. The appellate court rejected all of Kenton's arguments and affirmed the judgment. *Id.* at 1130-1131. Kenton's petition for rehearing was denied on March 9, 2021, and his petition for review by the California Supreme Court was denied on June 9, 2021. *Id.* Remittitur issued on June 11, 2021. O'Brien Decl., Ex. E (appellate court docket for Case No. A151468.)

### D. Kenton's Second Appeal

On December 21, 2017, While Kenton's appeal of the September 19, 2017 judgment was pending, the trial court issued a post-judgment award of attorneys'

fees and costs against Kenton in the amount of $459,999.88. Kenton filed a separate appeal of the trial court's post-judgment award of attorneys' fees. O'Brien Decl., Ex. F (appellate court's opinion on Keading's second appeal). Kenton argued that Probate Code section 859 violated the "Equal Protection Clause of the United States Constitution" and "is unconstitutionally vague." O'Brien Decl., Ex. F, p.8. Kenton also argued that the underlying judgment is "void and/or voidable due to the trial court's lack of jurisdiction," that the underlying judgment is "voidable" for lack of notice to non-party Earth Island Institute, and that "the trial court violated Kenton's right to constitutional due process by failing to conduct an evidentiary hearing prior to the imposition of double damages." *Id.* at 8, 10, 13. The appellate court rejected Kenton's challenges and affirmed the trial court's December 21, 2017 post-judgment award of attorneys' fees and costs. *Id.* at 19. Kenton filed a petition for review with the California Supreme Court on June 7, 2023. O'Brien Decl., Ex. G.

### E.      Kenton's Motion to Vacate Judgment And Notice of Removal

On March 28, 2023, before the California appellate court issued its opinion on Kenton's second appeal, Kenton filed a Motion to Vacate Judgment After Trial with the trial court (Defendant's Notice of Removal, Ex. A.) Kenton's motion was set for hearing on June 22, 2023. Kenton filed his notice of removal on June 23, 2023.

### III.   ARGUMENT

### A.      This Court lacks subject matter jurisdiction over Plaintiff's claims.

Defendant alleges that this Court has federal question jurisdiction over this "civil action" because Kenton filed a Motion to Vacate in state court on March 28, 2023 that raises challenges to Plaintiff's judgment based on "the Fifth Amendment's Due Process Clause and the Fourteenth Amendment's Equal Protection Clause." Defendant's allegations, however, reveal a fundamental misunderstanding about the scope and nature of this Court's removal jurisdiction.

28 USC §1441(a) confers removal jurisdiction only as to actions over which a federal court has original jurisdiction. An action that *could not* have been filed originally in federal court *cannot* be removed from state court. *See Negret v. City of Oakland*, 46 F.4th 811, 816 (9th Cir. 2022) ("Removal to federal court is generally proper only when the district court has original jurisdiction.") Where, as here, the parties are non-diverse, the only avenue to federal court is federal question jurisdiction under 28 USC 1331. (*Id.*)

To establish federal question jurisdiction, the removing party must establish that the plaintiff's operative complaint asserts claims that arise "under the Constitution, laws, or treaties of the United States." 28 USC §1331; s*ee Negret,* 46 F.4th at 816. Whether a claim "arises under" federal law for removal purposes is determined by the same "well-pleaded complaint rule" that determines original federal question jurisdiction. *Rivet v. Regions Bank of Louisiana*, 522 US 470, 475 (1998). Federal courts have "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Calif. v. Construction Laborers Vacation Trust for Southern Calif.* (1983) 463 US 1, 27-28.

"A case may not be removed to federal court based on federal defenses." *City of Oakland v. BP PLC*, 936 F.3d 895, 904 (9th Cir. 2020.) It is not enough for removal purposes that a federal question may arise during the course of the litigation in connection with some defense or counterclaim. "For better or worse … a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. of State of Calif.,* 463 US at 10; *Rivet*, 522 US at 475.

In this case, Plaintiff's initial pleading and operative complaint is her March 16, 2016 ex parte petition. That petition asserts only state law claims. The

"Constitutional" defenses to liability that Defendant raised on appeal and raises again in his March 28, 2023 Motion to Vacate are irrelevant and do not give this Court original or removal jurisdiction over Plaintiff's case. Defendant's motion is merely an ancillary proceeding between the same parties in the same lawsuit, and the constitutional issues he raises in that motion do not and cannot convert Plaintiff's state law claims against Defendant into claims that "arise under federal law" for purposes of establishing federal question jurisdiction. *See Coeur D'Alene Ry. & Nav. Co. v. Spalding,* 93 F. 280, 286 (9th Cir. 1899) ("[P]roceeding which is merely ancillary or auxiliary to the original action, or a mere graft upon it. . . is not removable to the federal court.")

### B.   Kenton cannot remove a "civil action" that he filed in state court.

Kenton's Notice of Removal is defective even if his Motion to Vacate somehow constitutes a distinct "civil action" that arises under federal law. The removal statute only authorizes *defendants* to remove state court actions to federal court. *American Intern. Underwriters (Philippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly limited to defendants.") If Kenton's Motion to Vacate constitutes a separate "civil action" for purposes of removal, Kenton is the de facto plaintiff in that action. "A plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court." *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972).

### C.   **Kenton's notice of removal is untimely.**

If either Hilja's operative complaint or Kenton's Motion to Vacate were, at one point, removable, Kenton waived the right to remove both by blowing the 30 day deadline imposed by 28 USC 1446(b) and by actively and willingly litigating in state court before seeking to remove. *See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP,* 365 F.3d 1244, 1246 (11th Cir. 2004).

1    Hilja filed and served her petition in March 16, 2016. Kenton filed his Notice
2    of Removal 7 years after he filed his response and objections to Hilja's petition, 6
3    years after the parties tried the case in state court, and 2 years after the California
4    appellate court issued its remittitur of Kenton's appeal of the trial court's judgment.
5    Kenton, therefore, not only blew the 30 day deadline for filing his notice of removal
6    he engaged in substantial defensive action in the state trial court, state appellate
7    court, and the California Supreme Court before filing his notice of removal.
8    Kenton's decision to actively seek state court adjudication of his defenses constitutes
9    a "clear and unequivocal waiver" of his right to remove. *Rohdan v. Job Options, Inc.*
10   2019 WL 3887351, *3 (S.D. Cal. 2019).

11   Kenton *did not* restart his time to remove by filing a Motion to Vacate
12   Judgment in state court. As discussed above, federal issues raised by way of a
13   defense or counterclaim *do not* provide grounds for removal. But even if his Motion
14   somehow triggered a new 30 day window, his Notice of Removal is still untimely.
15   Kenton filed his motion on March 28, 2023 but did not file his Notice of Removal
16   until 85 days later on June 22, 2023. The date Defendant served non-party Earth
17   Island Institute with his Motion to Vacate is irrelevant because Earth Island has not
18   filed a timely notice of removal and, regardless, as a non-party, has no right to
19   remove in the first place. 28 USC §1441(a).

   **D.   Kenton's notice of removal constitutes an improper direct
20         appeal of a final state court judgment.**

21   The *Rooker-Feldman* doctrine bars suits "brought by state-court losers
22   complaining of injuries caused by state-court judgments rendered before the district
23   court proceedings commenced and inviting district court review and rejection of
24   those judgments." *Carmona v. Carmona,* 603 F.3d 1041, 1050 (9th Cir. 2010). Under
25   the *Rooker-Feldman* doctrine, "a federal district court does not have subject matter
26   jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v.*
27   *Hall,* 341 F.3d 1148, 1154. The *Rooker-Feldman* doctrine applies with equal force to
28   cases in which a plaintiff originally files in federal court and cases in which a

defendant removes a case from state court under 28 USC 1441. *See, e.g., U.S. Bank Nat. Ass'n v. Veincentotzs,* 2013 WL 1431671, *2 (C.D. Cal. 2013) (*Rooker-Feldman* doctrine barred removal of "de facto appeal from state court judgment").

Defendant's Notice of Removal clearly fits the description of a "de facto appeal" forbidden by the *Rooker-Feldman* doctrine. Defendant contends that this Court has removal jurisdiction because he has raised challenges to a final state court judgment based on the "Fifth Amendment's Due Process Clause and the Fourteenth Amendment's Equal Protection Clause." Defendant's Motion to Vacate, which he attaches to his Notice of Removal, reveals that Defendant's alleged "Constitutional" violations amount to nothing more than a re-hash of the "due process," "equal protection," and other meritless legal arguments he raised with the California appellate court. This Court does not have original or removal jurisdiction to review the "legality and correctness" of a final state court judgment. *See McKay v. Pfeil*, 827 F.2d 540, 545.

### IV.   CONCLUSION

For the foregoing reasons, this court can and should remand this matter to state court and order Defendant's counsel to pay Plaintiff for the attorneys' fees she incurred responding to Kenton's baseless and objectively unreasonable notice of removal. 28 USC 1447(c).

DATED: July 19, 2023

HARTOG, BAER, ZABRONSKY & VERRIERE
A Professional Corporation

By:_____/s/_____
　　KEVIN P. O'BRIEN
　　*Attorneys for* Plaintiff
　　*Hilja Keading*