Anthony A. Ferrigno, Esq. (CA SBN: 61104)
3445 Golden Gate Way
Lafayette, CA 94549
(423) 744-4041
a-trust-fraudlaw@msn.com
Attorney for Defendants

UNITED STATES FEDERAL COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HILJA KEADING/KEADING FAMILY TRUST,<br><br>    Plaintiff,<br><br>vs.<br><br>KENTON KEADING,<br><br>    Defendant | Case No.: 3:23-CV-03036-JSC<br><br>DEFENDANT'S REPLY<br><br>TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE - 1

## I. INTRODUCTION

Plaintiff, Hilja Keading, initiated a complaint in California State Superior Court, County of Contra Costa, in the probate department on March 11, 2016, alleging, among other things, the wrongful taking of Keading Family Trust ("Trust") property by Defendant, Kenton Keading, and furthermore that such taking was accompanied by bad faith. Plaintiff's complaint cited **Probate Code Section 850** (hereafter "**P.C. §**") as a statutory basis for their complaint. **P.C. § 859** was cited in the Petition in the Prayer requesting the double the value of the trust property wrongfully taken measure of punitive damages. The Plaintiffs' complaint contained a fraudulent misrepresentation of a material fact, namely, that one of the real properties, commonly known as 21 Laurel Lane, El Sobrante, California was Keaton Family Trust property, when it was actually a neighbor's house. Evidence, extrinsic to the trial court proceedings, confirms that a non-profit corporation, Earth Island Institute (EII) was and still is the owner of 21 Laurel Lane. Without conducting any hearing pursuant to **P.C. § 850** to determine the ownership of properties, to wit, 21, 50 and 60 Laurel Lane, El Sobrante, CA alleged to have been wrongfully taken by Defendant Kenton Keading, the trial court nonetheless awarded punitive damages to Plaintiffs and against Defendant for the "taking" of **that** property. The 21 Laurel Lane property actually belonged to EII, a 'stranger to the action'. The Court included that property as part of the property ("the residence") as "wrongfully taken" trust property by way of "elder abuse" in determining liability against Defendant to assess punitive damages[1] against him. By including 21 Laurel Lane along with the two other pieces of real

---

[1] **P.C. §859** allows assessment of twice the value of the "recovered property" found *first* to have "belonged" to the trust pursuant to **P.C. §850** and wrongfully taken by defendant by way of Elder Abuse and "recovered" for the trust. Defendant alleged and alleges the requisite, precedent statutory procedures required by law to make those determinations were not followed, that is, the "belonging"(to the trust); "taken" (from the trust); "recovered" (to the trust) determinations.

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE - 2

properties at 50 and 60 Laurel Lane, El Sobrante, CA, the Court adopted the petition's misrepresentation in describing the three properties as "the residence" alleged to be subject to **P.C. § 859** ; and, upon which Defendant Keading was ordered to pay punitive damages in excess of 1.5 million dollars (See Dkt#1 Notice of Removal, at Exh.A thereto, the August 23, 2017 filed "Statement of Decision" at 12:27-28 ).  Defendant filed a motion to vacate the trial judgment in the subject Probate Court action, now removed, in the Contra Costa County Superior Court as being void pursuant to **California Code of Civil Procedure** ("C.C.P.")  **§473 (d)** (Dkt#1, at Exh. A "Notice of Motion and Motion to Vacate Judgment After Trial, etc.")  On June 20, 2023, EII joined Defendant with respect to that motion (Dkt#1 at Exh. A "Notice of Joinder and Joinder and Proof of Service thereon"); and, also consented to removal of this civil action (Dkt#1, Attachment A to "Notice of Removal" entitled "Declaration of Sumona Majumdar In Support of Defendant Kenton Keading's Notice of Removal and Consent") to federal court. The statutory basis of Defendants' Removal is Plaintiffs' having filed their opposition to that motion. (Dkt#1, at Exh.A, "Plaintiff Hilja Keading's Memorandum of Points and Authorities In Opposition To Motion To Vacate").  That opposition became the "paper" pursuant to and within the meaning of  **28 U.S.C. §1446 (b)(3)** thereby raising a federal question supporting the basis for removal of this case to federal court. Defendant filed a Notice of Removal on June 21, 2023 (See Dkt #1). As already stated, EII joined in Defendant's "Motion to Vacate Judgment After Trial". The judgment provides that, "***The successor trustee is entitled to immediate possession of the residence***, i.e. *the residence* commonly known as **60, 50 and 21 Laurel Lane, El Sobrante, California**." (emphasis added) (See Dkt#1 Notice of Removal, at Exh. A thereto, the August 23, 2017 filed "Statement of Decision" at 10:13-15). EII was never given **Notice** of the proceedings affecting EII's property rights to **21 Laurel Lane**; never participated in the trial nor given any opportunity to be heard. However, the

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE - 3

Judgment provides the successor trustee to the Keading Family Trust is entitled to **possession of EII's property**. EII's Due Process Rights were therefore obviously violated. The plaintiffs opposition to the "motion to vacate the judgment after trial" thus raised a Federal question including those affecting the rights of EII, a joined party to the Defendant Keading's Motion.

## II. SUMMARY OF PLAINTIFF'S RESPONSE

Plaintiff's response to Defendant's opening brief regarding the subject Order to Show Cause (Dkt#20, "Plaintiff's Response to Defendant's Opening Brief RE: Order to Show Cause") can be summarized as follows:

1) This Court lacks subject matter jurisdiction over Plaintiff's state law claims, and Defendant's post-judgment motion does not provide a basis for removal by asserting federal defenses to liability;

2) As a de facto plaintiff, Kenton has no right to remove after choosing to file in state court;

3) Defendant's notice of removal is untimely; and

4) The Rooker-Feldman doctrine bars removal.

These four arguments Plaintiff makes in her "Response" are all described at p.2's four bullet points (Dkt#20, "Plaintiff's Response To Defendant's Opening Brief RE: Order to Show Cause," at p.2).

## III. PLAINTIFF'S MISTATEMENT OF FACTS

Defendant did not file the Notice of Removal after the hearing date of Defendant's Motion To Vacate Judgment After Trial as Plaintiff contends (Dkt#20, "Plaintiff's Response To Defendant's Opening Brief RE: Order to Show Cause," at p.5). Defendant filed the Notice of Removal on June 21, 2023 with this court (Dkt #1), one day **prior to** the hearing set for June 22, 2023 on his Motion as the Court had received the Notice of Removal to this Court.

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE - 4

## IV.  LEGAL ARGUMENT
### A. Plaintiff Failed To Consider The Significance Of Earth Island's Joinder And Consent To Removal

Defendant argues in Defendant's Response To Order To Show Cause that the Rooker-Feldman doctrine has no application to a federal suit brought by a **non-party** to the state suit, citing cases (*Exxon Mobil Corporation v. Saudi Basic Industries Corp*., 544 U.S. 280, at 287-288 (2005) (Dkt#20, "Plaintiff's Response To Defendant's Opening Brief RE: Order to Show Cause," at. pp 5-6).  In this case, EII was not a party to Plaintiff's original complaint but rather joined Defendant in his "Motion To Vacate Judgment After Trial" on June 20, 2023 (Dkt#1 at Exh. A, June 20, 2023 filed "Notice of Joinder and Joinder and Proof of Service thereon"). A review of the underlying judgment subject of the Defendants Motion to Vacate Judgment After Trial finds not one reference to EII as a party, nor EII as a wrongdoer; the judgment simply awards the right to possession of its property at 21 Laurel Lane. It was a non-party, 'stranger to the action', at the time the judgment was rendered but which yet awarded the right to possession of its property to the successor trustee. EII also consented to the removal on June 21, 2023 (Dkt#1, "Notice of Removal" at Attachment A).  Though **§ 1446(a)** does not specify in what way joinder must be expressed by codefendants, the requirement is met if the timely removing defendants consent to removal.  *Proctor v. Vishay Intertechnology, Inc*., 584 F.3d 1208, 1225 (9th Cir. 2009); see also  (*Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir.2011) "There is no reason to lock an earlier-served defendant out of the federal forum, if he later chooses to consent").

### B. Defendant's Notice of Removal Is Timely

Pursuant to **28 U.S.C §1446(b)(3)** Defendant's Notice of Removal is timely.  Defendant filed a Notice of Removal with this court on June 21, 2023 (Dkt#1) after receiving the Plaintiff's "Plaintiff's Opposition To Motion To Vacate Judgment After Trial" filed and served on June 8, 2023 (Dkt#1 at Exh. A). Plaintiff's Notice of Removal is within the 30-day period after receipt of

the "other paper" as described in **28 U.S.C §1446(b)(3)**.  (*Lowery v. Alabama Power Company*, 483 F.3d 1184 (2007)).  In this case, Plaintiff's Opposition To Motion To Vacate Judgment After Trial constitutes the "other paper" pursuant to **28 U.S.C §1446(b)(3)** from which it may first be ascertained that the case is or has become removable.

**C.  Defendant Has A Right To Remove Pursuant To 28 U.S.C. Section 1446 (b)(3)**

Plaintiff asserts that failing a showing of federal jurisdiction by the <u>initial</u> pleadings, Defendant may not remove this case to federal court ((Dkt#20, "Plaintiff's Response To Defendant's Opening Brief RE: Order to Show Cause," at pp. 6-7).  However, as the court in *Lowery* explains, a civil action is removable when, pursuant to **Section 1446 (b)**, a case is not removable on the basis of an initial pleading but later becomes removable based on "**a copy of an amended pleading, motion, order or other paper** [Citations] …. Thus, under **§ 1446(b)**, in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff — be it the initial complaint ***or a later received paper*** — and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." (*Lowery v. Alabama Power Company*, 483 F.3d 1184 (2007)).  Here, the "other paper" received by the defendant was Plaintiff's Opposition To Motion To Vacate Judgment After Trial ( (Dkt#1, at Exh.A, "Plaintiff Hilja Keading's Memorandum of Points and Authorities In Opposition To Motion To Vacate" at 10:3-8;11:20-12:10; 13:18-14:8).

The court in *Lowery* holds that: "What constitutes "other paper," however, has been developed judicially. *Courts have **not** articulated **a single test** for identifying "other paper," **but numerous types of documents** have been held to qualify*. They include: responses to request for admissions, <u>Wilson v. Gen. Motors Corp.,</u> 888 F.2d 779, 780 (11th Cir.1989); settlement offers, <u>Addo v. Globe Life & Accident Ins. Co.,</u> 230 F.3d 759, 761-62 (5th Cir.2000); interrogatory

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE - 6

responses, *Akin v. Ashland Chem. Co.,* 156 F.3d 1030, 1036 (10th Cir. 1998); deposition testimony, *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir.1996); demand letters, *Williams v. Safeco Ins. Co.,* 74 F.Supp.2d 925, 929 (W.D.Mo. 1999); and email estimating damages, *Callahan v. Countrywide Home Loans, Inc.,* No. 3:06-105, 2006 WL 1776747, at *3-*4 (N.D.Fla. June 26, 2006).

The "other paper" must satisfy the following conditions: 1) the defendant must have received from the plaintiff, or from the court if the document is an order (*Lowery*, supra at p. 1221, footnote 63); 2) is a voluntary act on behalf of the plaintiff (*Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F. 2d 252, 254 (5th Cir. 1961); 3) the defendant can ascertain that federal jurisdiction exists (*Lowery*, supra at p. 1221, footnote 63); and 4) formally filed and served (*Mill-Bern Associates, Inc. v. Dallas Semiconductor Corporation*, 69 F.Supp.2d 240 (1999)). A general discussion regarding what constitutes an "other paper" is found in the court in *Romulus v. CVS Pharmacy*, 770 F.3d 67, at p.78 (2014), stating:

> In general, "[t]he federal courts have given the reference to 'other paper' an expansive construction and have included a wide array of documents within its scope." 14C Wright & Miller, Federal Practice and Procedure § 3731 (4th ed.). As such, [V]arious discovery documents such as deposition transcripts, answers to interrogatories and requests for admissions, as well as amendments to ad damnum clauses of complaints, and correspondence between the parties and their attorneys or between the attorneys usually are accepted as "other papers," receipt of which can initiate a 30-day period of removability. Id. (citations omitted)… Likewise, the Ninth-23Circuit held that a letter from the plaintiffs, sent in preparation for mediation, which estimated damages to exceed $5 million "put [the defendant] on notice as to the amount in controversy." *Babasa v. LensCrafters, Inc*., 498 F.3d 972, 975 (9th Cir. 2007). The letter qualified as an "other paper," and necessitated removal within thirty days. See id. The Senate Report accompanying the passage of CAFA supports the broad interpretation of the phrase "other paper" and resolves for us any uncertainty arising from the text of the statute. The Committee on the Judiciary explicitly stated that it "favor[ed] the broad interpretation of 'other paper' adopted by some courts to include deposition transcripts, discovery responses, settlement offers and other documents or occurrences that reveal the removability of a case." S. Rep. No. 109-14, at 9 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 10."
> (*Romulus v. CVS Pharmacy*, 770 F.3d 67, at 78 (2014).

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE - 7

A defendant is not required by its own investigation to determine when a case may be removed when removal is not clear from the initial pleadings, but rather it is the receipt of subsequent papers from the plaintiff that triggers the removal.

> According to the plaintiffs, Section 1446(b)(3) cannot be invoked if the defendant could have "ascertained,"—through "some sort of investigative action" by the defendant that the case was removable at some point prior to the receipt of the plaintiffs' paper. To the contrary, the text of the statute focuses solely on when the *plaintiffs'* papers reveal removability.[5] Section 1446(b)(1) must be understood in conjunction with Section 1446(b)(3), which applies instead of Section 1446(b)(1) "if the case *stated by the initial pleading* is not removable." 28 U.S.C. § 1446(b)(3) (emphasis added). The language of Section 1446(b)(3) makes clear that removability in Section 1446(b)(1) is to be judged by the case as stated on the face of the complaint. When removability is not clear from the initial pleading, Section 1446(b)(3) then looks to the plaintiffs' **subsequent** papers. Specifically, Section 1446(b)(3) applies when the defendant receives "a copy of an amended pleading, motion, order or other paper *from which* it may first be ascertained that the case is one which *is or has become* removable." *Id.* Even if the case was previously removable, Section 1446(b)(3) does not apply until removability can first be ascertained from the *plaintiffs'* own papers." (*Romulus v. CVS Pharmacy*, 770 F.3d 67, at 74 (2014). (emphasis added).

In this case, the first paper <u>from the plaintiff</u> where removability can be ascertained is the Plaintiff's Opposition To Motion To Vacate Judgment After Trial. That "paper" satisfies the requirements as set forth above for removal. A plaintiff "need only provide to the defendant a document from which removability may be ascertained. **28 U.S.C. § 1446(b)(3)**. Such a document will trigger the thirty-day removal period, during which defendant must either file a notice of removal or lose the right to remove." *(Roth v. CHA Hollywood Medical Center*, 720 F.3d 1121, 1126 (2013)).

**D. Defendant Is Not Removing This Case As A *De Facto* Plaintiff**

Plaintiff contends that Defendant, Kenton Keading ("Kenton"), acting as a *de facto* plaintiff, is not permitted to remove a case to federal court, since only defendants may do so, stating: "If Kenton's Motion to Vacate constitutes a separate "civil action" for purposes of removal, Kenton is the *de facto* plaintiff in that action. "A plaintiff who commences his action in a state court cannot

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE - 8

effectuate removal to a federal court even if he could have originated the action in a federal court." *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972). (ROB at p.7).

However, Kenton is not the plaintiff who "commences his action in a state court". Plaintiff, Hilja Keading commenced the action. As a Defendant, Kenton received Plaintiff's Opposition to Defendant's Motion to Vacate, the "other paper" from which it may first be ascertained that the case is or has become removable.

**E. This Court Has Subject Matter Jurisdiction**

Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil action arising under the Constitution, laws, or treaties of the United States." The civil action brought in state court is Defendant's Motion To Vacate Judgment After Trial, while the "paper" filed by Plaintiff and served on Defendant is Plaintiff's Opposition To Motion To Vacate from which it may be ascertained that removal is appropriate due to the claims of Due Process violations regarding the failure to notify EII with a resulting, egregious order for the trustee to take possession of 21 Laurel Lane, El Sobrante, California. Not only did the trial court lack personal jurisdiction over EII, but it lacked subject matter jurisdiction, as a probate court, with regards to property considered a stranger to the estate. "All proceedings in the probate court are limited and special or limited and statutory (Estate *of Schloss* (1961) 56 Cal.2d 248, 253 [14 Cal. Rptr. 643, 363 P.2d 875]). The probate court's powers extends only to the property of the decedent. An attempt to take and distribute the property of a living person is a violation of due process (7 Witkin, Summary of Cal. Law (8th ed.1974) § 237, p. 5745; *Stevenson v. Superior Court* (1882) 62 Cal. 60; *Estate of Paulsen* (1917) 35 Cal. App. 654 [170 P. 855])." (*Estate of Lee*, 124 Cal. App. 3d 687 (1981) 177

Here, Due Process violations concerning EII are inextricably linked to Kenton's Due Process rights as the "residence" the court adjudicated as being wrongfully taken by Kenton,

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE - 9

included 21 Laurel Lane, an error unlikely to have occurred had either EII been given Due Process notice or if procedural due process been followed in conducting the requisite P.C. §850 hearing to determine property ownership before any proceeding under **P.C.§859** can be heard concerning its taking.  The probate court lacked subject matter jurisdiction over properties not adjudicated trust property under **P.C. § 850**, a procedural prerequisite to any **§859** hearing. In ignoring the procedural prerequisites, the probate court exceeded its jurisdiction.  Plaintiff contends that Kenton has no standing to pursue Due Process violations as they relate to EII, (Dkt#1, at Exh.A, "Plaintiff Hilja Keading's Memorandum of Points and Authorities In Opposition To Motion To Vacate" at p. 2). This argument was made <u>before</u> EII joined in the action.  The extrinsic evidence corroborated by EII as to ownership of property and failure to notify it of a hearing affecting those property rights, a Due Process requirement, is sufficient to void the judgment as the court had no personal jurisdiction for failure to give notice. "Since notice was required to obtain jurisdiction, the order is void on its face" (*Texas Company v. Bank of America,* 5 Cal.2d 35, (1935)). Neither was there subject jurisdiction over 21 Laurel Lane, it not being either the property of the decedent, nor the Keading Family Trust, nor property "recovered" as required by P.C. § 859.

**F.  Award Of Attorney Fees Is Not Warranted**

Plaintiff seeks an award of the attorney fees they incurred in connection with Defendant's removal to federal court (Dkt#20, "Plaintiff's Response to Defendant's Opening Brief RE: Order to Show Cause" at p. 9).  An order remanding an improperly removed case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." **28 U.S.C. § 1447(c)**. "Absent unusual circumstances, courts may award attorney's fees under **§1447(c) only** where the removing party lacked an objectively reasonable basis forseeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE - 10

(*Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005)). Removal, however, "is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." (*Lussier v. Dollar Tree Stores, Inc*., 518 F. 3d 1062, 1065 (9th Cir. 2008). The objective reasonableness of removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the arguments in support of removal. Id. at 1066-67.  In this case, the law does not clearly foreclose the arguments in support of removal. Notwithstanding the arguments supporting removal, the magistrate's issuance of an OSC implies a lack of clarity of the applicable law; arguments supporting removal were not clearly foreclosed.   Each party should bear their own attorney fees.

## CONCLUSION

Defendant requests this case remain removed.
> a district court may not remand a case in its entirety where there is subject matter jurisdiction over some portion of it*".  Lee v. Am. Nat'l Ins. Co*., 260 F.3d 997, 1002 (9th Cir. 2001) (citing *Wisconsin Dep't of Corrections v. Schact,* 524 U.381, 391-92 (1998)), superseded in part on other grounds by statute as stated in *Stearns v. Ticketmaster Corp*., 655 F.3d 1013, 1021 n. 10 (9th Cir. 2011).

The presence of at least some claims over which the  district court has jurisdiction is sufficient to allow removal of an entire case, even if the other claims alleged are beyond the district court's power to decide.  Id. at 1002-03 *(citing Kruse v. State of Hawaii*, 68 F.3d 331, 334-35 (9th Cir. 1995)).

> Following *Marshall* we must now hold that so long as a plaintiff is not seeking to have the federal court administer a probate matter or exercise control over a res in the custody of a state court, if jurisdiction otherwise lies, then the federal court may, indeed <u>must</u>, exercise it." (*Goncalves v. Rady Childrens Hospital San Diego*, 865 F.3d 1237 (2017)) (emphasis added).

Dated: July 24, 2023                           /s/ Anthony A. Ferrigno

                                              Anthony A. Ferrigno Esq.
                                              Attorney for Defendant, Kenton Keading
                                              Attorney for Joined Defendant,
                                              Earth Island Institute

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE - 11

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT ON JULY 24, 2023, THE FOREGOING "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WAS FILED VIA THIS COURT'S ELECTRONIC FILING SYSTEM AND THAT COPIES OF SAME WERE SERVED UPON ALL PARTIES VIA E-SERVICE.

/s/Anthony A. Ferrigno

Attorney for Defendants

Anthony A. Ferrigno, Esq. CA SB#61104)
**LAW OFFICES OF ANTHONY A. FERRIGNO**
3445 Golden Gate Way
Lafayette, CA 94549
Telephone: (423) 744-4041
a-trust-fraudlaw@msn.com

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE - 12