UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILJA KEADING, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>KENTON KEADING,<br><br>　　　　Defendant. | Case No. 23-cv-03036-JSC<br><br>**ORDER REMANDING CASE TO STATE COURT**<br><br>Re: Dkt. No. 12 |

Defendant Kenton Keating removed this family-trust probate proceeding from Contra Costa County Superior Court, seeking to vacate a state trial court judgment against him. (Dkt. No. 1 at 1-4.)[1] Magistrate Judge Beeler issued an order to show cause for lack of subject-matter jurisdiction in response to Defendant's notice of removal. (Dkt. No. 12.) The matter is now before this Court to determine whether Defendant has established federal subject-matter jurisdiction.

## BACKGROUND

**A. Complaint Allegations**

In Contra Costa County Superior Court's probate division, Plaintiff Hilja Keating filed an Ex Parte Petition to challenge Defendant's administration of the Keating Family Trust and its Subtrusts. (Dkt. No. 1 at 45-63.) The petition also alleged Defendant's intentional interference with her expected inheritance, fraud, conversion, and elder abuse, in connection with his behavior as trustee. (*Id.* at 46-48.) Plaintiff's petition did not allege any cause of action implicating federal

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  law. (*Id.* at 46-63.)  The state trial court found for Plaintiff and ordered Defendant pay damages to
2  the trust.  (Dkt. No. 1 at 24-38).

3  Defendant filed a motion to vacate in state court, seeking relief based on alleged violations
4  of the "Fifth Amendment's Due Process Clause and the Fourteenth Amendment's Equal
5  Protection Clause." (Dkt. No. 1 at 2-3.)  He also claims these violations affect a second party,
6  Earth Island Institute ("EII"), whom the state court refused to join as a defendant in its
7  proceedings.  (Dkt. No. 1 at 1-2; Dkt. No. 12 at 1-2.)  These alleged violations serve as the basis
8  for federal jurisdiction in Defendant's notice of removal.  (Dkt. No. 1 at 1-3.)

### B. Procedural Background

Plaintiff filed her Ex Parte Petition in state probate court on March 15, 2016.  (Dkt. No. 1 at 46.)  The state court held a trial on the issues of elder abuse and breach of fiduciary duty.  (Dkt. No. 1 at 2.)  The state trial court found Defendant guilty of both allegations and ordered him to pay damages to the trust.  (Dkt. No. 1 at 30-38.)  Defendant appealed this decision, arguing the trial court violated his constitutional rights.  *Keading v. Keading*, 275 Cal. Rptr. 3d 338, 349 (2021), *reh'g denied* (Mar. 9, 2021), *review denied* (June 9, 2021) (discussion of Defendant's constitutionality claims is "not certified for publication").  A California appellate court affirmed the judgment, and the California Supreme Court denied his petition for review.  *Id*.

## LEGAL STANDARD

Federal courts have an independent duty to ascertain jurisdiction and may remand a case *sua sponte* for lack of subject-matter jurisdiction.  28 U.S.C. § 1447(c); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  A removing defendant bears the burden of establishing federal jurisdiction.  *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 847 (9th Cir. 2020).  As courts of limited jurisdiction, federal district courts construe the removal statute strictly and reject jurisdiction if there is any doubt as to removability.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## DISCUSSION

Defendant asserts federal question federal subject-matter.  Because Defendant fails to establish federal question jurisdiction, subject-matter jurisdiction does not exist, and the case must

be remanded. Further, the Rooker-Feldman doctrine also defeats subject matter jurisdiction and requires remand because Defendant challenges a final state court judgment.

### I. Federal Question Jurisdiction Does not Exist

A district court has original jurisdiction over cases where a "federal question" is present, which occurs if a plaintiff's original cause of action arises under federal law. 28 U.S.C. § 1331. Under the well-pleaded complaint rule, "an action 'aris[es] under' federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citations omitted). Plaintiff's state court Ex Parte Petition does not allege a federal claim on its face. Instead, the Petition requests the state probate court suspend and remove Defendant as the family trust's trustee and find Defendant liable for damages "according to proof for breach of fiduciary duty, physical and financial elder abuse, fraud, conversion, intentional interference with expected inheritance, and wrongfully withholding Trust property." (Dkt. 1 at 62.) Accordingly, the Petition only makes California state law claims. So, under the well-pleaded complaint rule, the initial pleading does not establish federal question jurisdiction.

Defendant's motion to vacate the judgment based on an alleged violation of his federal constitutional rights does not support federal question removal jurisdiction. Federal question jurisdiction is not established by a defendant's anticipated federal defense to a state law cause of action. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (federal "jurisdiction is lacking even if a defense is alleged to be based exclusively on federal law"). While such assertions may suggest a federal question could be raised during litigation, they do not establish the plaintiff's original cause of action arises under the Constitution. *In re Border Infrastructure Env't Litig.*, 915 F.3d 1213, 1222 (9th Cir. 2019). So, as there is no federal question jurisdiction, the case must be remanded to state court.

### II. The Rooker-Feldman Doctrine Defeats Jurisdiction

The Court lacks subject matter jurisdiction for a second reason: Defendant's motion to vacate the state court judgment, on which removal is premised, is a challenge of a final state court judgment. The Rooker-Feldman doctrine precludes federal district courts from exercising

"jurisdiction to hear a *de facto* appeal" of a final state court judgment. *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). A suit brought in federal district court is a "*de facto*" appeal when a party contends a state court's decision was erroneous and, as a result, seeks federal relief from the state court judgment. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).

Accordingly, a defendant's removal is improper if it is "based on defendant's objections to the state courts' rulings and hearings." *U.S. Bank Nat. Ass'n v. Veincentotzs*, No. CV 13-2103-FMO-SHX, 2013 WL 1431671, at *2 (C.D. Cal. Apr. 8, 2013). Defendant's removal is based solely on his desire to vacate the state trial court's decision, as he alleges only:

> Defendant(s), including Earth Island Institute ("EII"), a 'stranger' to the action which joined the Motion to Vacate the Judgment as void was deprived of the right to be noticed of a pending hearing affecting property rights, and the Defendants were deprived of the right to be heard at hearings which are deemed mandatory according to statutory procedure. Failing procedural Due Process, the trial court lacked both subject matter jurisdiction, personal jurisdiction, and exceeded its jurisdiction causing the judgment to be void.

(Dkt. No. 1 at 3.) As Defendant's removal is based upon a challenge to a final state court decision affirmed on appeal, the Court lacks jurisdiction to hear the case under the Rooker-Feldman doctrine. For this additional reason the case must be remanded.

## CONCLUSION

For the reasons stated above, this matter is REMANDED to the Contra Costa County Superior Court.

**IT IS SO ORDERED.**

Dated: September 22, 2023

JACQUELINE SCOTT CORLEY
United States District Judge